UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DOMENIC JARELLE BETTS,<br><br>                            Plaintiff,<br><br>v.<br><br>LISA TERRONEZ,<br><br>                          Defendants. | Case No.: 25-cv-1296-JES-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>[Dkt. No.8] |
|---|---|

Plaintiff Domenic Jarelle Betts, an inmate currently incarcerated at Salinas State Valley Prison ("SVSP"), is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. *See* Docket. Before the Court is Plaintiff's Motion for Appointment of Counsel. Dkt. No. 8 ("Mot."). For the reasons set forth below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

### MOTION FOR APPOINTMENT OF COUNSEL

On July 14, 2025, Plaintiff submitted a Motion for Appointment of Counsel that was entered onto the docket on July 18, 2025. Mot. Plaintiff argues that appointing counsel is appropriate here because he is indigent and incarcerated with limited legal knowledge and access to legal materials. *Id.* at 1. Additionally, Plaintiff notes that his case is complex and that he requires treatment and

assistance from the mental health staff and clinicians. *Id.* Plaintiff also states that he has been unable to retain an attorney despite his attempts to do so and that his mail has been subject to tampering by SVSP staff. *Id.*

## DISCUSSION

There is no absolute right to counsel in civil proceedings. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "That a *pro se* litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019). Instead, the Court "must determine whether . . . there is a likelihood of success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is "dispositive" but "must be considered cumulatively." *Id.*

### A.  Likelihood of Success

The Court first considers whether Plaintiff is likely to succeed on the merits of his claim. Given the early stage of the proceedings, there is no basis upon which the Court can predict Plaintiff's success at trial. *See Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying prisoner's motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim"). The Court therefore finds that this factor weighs against the appointment of counsel.

### B.  Plaintiff's Ability to Pursue His Claims

"When determining whether 'exceptional circumstances' exist, a court *must consider* . . . the ability of the petitioner to articulate his claims *pro se* in light of the

complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (emphasis added). Plaintiff argues that he is in the mental health program and will soon need an increased level of care that will limit his ability to litigate this case, and that having an attorney would better enable him to present evidence, cross examine witnesses and present a winning case. Mot. at 1.

As an initial matter, the Court has reviewed all of the documents filed by Plaintiff and finds that Plaintiff has thus far been able to effectively articulate his claims. *See* Dkt. No. 1; *see also* Mot. In addition to filing a complaint that alleged a plausible First Amendment retaliation claim, Plaintiff successfully filed a renewed motion to proceed *in forma pauperis* and the instant motion. *See* Dkt. Nos. 4, 5; *see also* Mot. Additionally, Plaintiff's need to conduct discovery and examine witnesses does not constitute exceptional circumstances. These tasks are common among all participants in civil litigation and not unique to Plaintiff. *See Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018) ("Even if it is assumed that [p]laintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and suffering from physical and mental health conditions almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel."). Accordingly, the Court finds Plaintiff has not shown he lacks the ability to pursue his claims. This factor weighs against the appointment of counsel.

## CONCLUSION

For the reasons set forth above, the Court finds Plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel. Plaintiff's Motion for Appointment of Counsel is therefore **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on

the merits of his claims, and unable to competently articulate those claims.  *Cano*, 739 F.3d at 1218.

**IT IS SO ORDERED.**

Dated: July 25, 2025

*David Leshner*
_____
Hon. David D. Leshner
United States Magistrate Judge